Good morning. I'm Mary McComb. I represent the appellant, Andy Smith. I'd like to begin by responding to any questions the courts might have. You know, I have some difficulty understanding this statute because one of the problems I have is that I don't understand the way the scheme works. You can correct me if I'm wrong, that the – I'm on the right case, yes? Sex offender, right? Well, the section under consideration is 298. He has to register, right? He has to register, yes. I just want to make sure I'm on the right case. He has to register each year? He has to register when he gets out of prison. And he has to register – And he has an annual obligation to re-register. He has to register – To register when he changes his resident address. And that's what the problem is. But he has an obligation to register in the town or county or whatever in which he is domiciled. Yes, that's true. So this is termed domicile. That's section 290A1. Yes. Then 290F provides further registration within 10 days – Of a change of resident address. Of change of residence. Yes, change of resident address. I'm having a little trouble connecting those two things because domicile and residence are not the same thing. You can't have a domicile and continue to have your domicile and then change residences. And it's not even clear to me that your domicile needs to be one of your residences. It could be a place where you get your mail. I mean, let's say you are off to college, so maybe mom and dad's house is your domicile, even though you hardly ever sleep there. And that's because you maybe even have your driver's license there. Right, right. You don't want to sort of use the dorms or whatever as your place where you get a driver's license information and the like, or a car registration. Right. And here, Mr. Smith didn't have a resident address. He was transient. Did he have a domicile? In the sense that he had a place where he got his mail and a place where he occasionally went to take a bath. But as for a fixed residence. He registered from somewhere when he first got out of prison, didn't he? He did. He registered his mother's address. All right. So then when he changed from his mother's address that he had an obligation to re-register, is that right? But he never had another address. He never had another fixed residence. That's the problem here. That's the due process problem here. I think your point is more profound. I don't think he ever had a residence at all. That's possible. He had a domicile, but that couldn't be his residence because by law he couldn't live there because there was a child in the house. That's right. So he never really had. It's possible that he had a domicile but never had a residence. Yes. In fact, that's probably what happened. He did his best to register somewhere where he had a connection. The connection was with his mother's address. It's where he used to live. It's where he got his mail. The due process problem here is that he was required to re-register. That's what he's charged with. But he doesn't have any place to register. And he has no place to find out where he should register. Suppose he goes to the sheriff's department. The due process problem, I take it, is we're only dealing with the evidentiary question. Is that true? Because it looks to me like the question of whether the instructions required actual knowledge was not put to the California court of appeal and was not actually raised in the California courts. The objection here, I take it, is strictly evidentiary. Was there evidence? No, there's two claims, Your Honor. I know what your claims are. There's a Lambert claim as well. I understand your Lambert claim, but I don't see that the California court of appeal was asked to decide a Lambert claim. And California court of appeal was not put to them that he didn't have actual knowledge of the registration requirement as far as I can see. Am I wrong? With all due respect, the issue was raised in the California Supreme Court by way of petition of writ of habeas corpus. And it was preserved and re-brought up in an amended position, amended petition in front of the district court. So I think it is actually preserved. But it wasn't put to the California court of appeal on direct appeal. No, it was not raised on direct appeal. It was raised in a subsequent writ. Right. Which was denied on the merits and then re-raised in an amended Federal petition. So you take the position that this was not because it was not barred for failure to raise on direct appeal. Exactly, yes. It was a merit. It was given a merits denial by the California Supreme Court. They didn't raise any objections to the way that it was procedurally raised. And that merits denial is a kind of a distraction for our purposes. Yes. Okay. Yes. Okay. But to get back to due process, Lambert requires either actual knowledge of the registration requirement or the probability. Which section was he actually convicted of violating? 290 subsection F, which is the re-registration section. It was the re-registration one. Yes. Right. Okay. Go ahead. So, but could he have possibly had the – was there the probability that he had such knowledge? Just imagine the situation that a parolee finds himself in in Sacramento County. He goes to the sheriff's office. He looks to the statute. The statute doesn't say anything about what he's supposed to do if he has a resident, doesn't have a resident address. He goes to the sheriff's office. The sheriff's office has improvised some kind of solution by saying, go ahead, register as transient. Not in the statute. Improvisation by the sheriff's office. But then he goes to the district attorney. And that's not going to satisfy the district attorney because he goes to the district attorney and the district attorney says, no, our position is that you have to register every place you sleep. Every time you move, you have to go back to the sheriff's office and re-register. So if you're sleeping in the park one night, you register. You walk down the street, you sleep another part in the park, you have to go back and re-register. So you're saying that he took these affirmative steps to attempt to comply with the – No parolee can comply. But he made the attempt to, did he not? He did the best he could. He attempted by registering his mother's address, which was the address with which he had the most connection, and gave that as his address. I'd also like to point out that this case is sort of unique because California has, subsequent to Mr. Smith's case, rewritten its statute to explicitly provide for this kind of situation where the parolee has no address. In 1997, California amended the statute to require that the parolee register a location. And currently, California requires that he either register a location or a residence address every 30 days. And so far as the evidence presented at trial, as far as you know, how long was he shown to have been at any one location? The record is disputed on that. The longest place he was was in a hotel. I think it was called the Dodge City Hotel. And at most he was there for five or six days. And that was immediately after he was released. And he went there with, quote, a homeboy and spent a few days there. When you say immediately, this was? Very shortly after. I'm sorry, not immediately. Within several days. Within several days. I see. So this is at the same time he registers as mom's? It's around the same time period. The record isn't clear, the exact coordination of events. He's released. He's ordered by his parole officer to register. He does so. And about the same time he spends five days with a homeboy at the Dodge City Hotel. And any other? Any other significant connections? He spends two, possibly as many as four days with his brother. Although the only evidence in about why he's there is that he's, quote, visiting his brother. I'd like to reserve the rest of my time for rebuttal. Okay. Thank you. May it please the Court, Robert Gibson, Deputy Attorney General, State of California, representing the respondent, Appali. And I'd like to respond to counsel's argument with regard to Lambert, because really the issue that's before this Court is whether under the AEDPA there was an unreasonable application of Jackson and Lambert in this case, that is, whether the ultimate decision amounted to such an unreasonable application. My contention is that it did not, and that there are factors here, circumstantial evidence, that when you look at the entire record of what went on here, that Mr. Smith knew about his obligation. He didn't go back to his parole officer when he was in doubt. Is that the problem? He didn't go back to his parole officer. He actively avoided his parole officer and all law enforcement, as a matter of fact. Didn't he go to the sheriff's office? Didn't he go to the DA? Well, when he was released, at first he reported immediately to his parole officer. And that was the 2nd of January of 1996. The next report, or the last report there was, was he filled out a registration, giving his mother's address on the 10th of January. Then he was no more to be found until the middle of April when he was arrested for drug possession. And so what evidence was there that he had new residence address? Is he on a college bench, a residence address? Well, the residence is not. First of all, is that important? Doesn't he just have to register once he changes from wherever, whether he goes to a new address or not? If he leaves one address, doesn't he have to re-register under the law? Yes, he does. And that's my position with regard to the actual definition of. Nevertheless, why don't you answer my question? Yes, with regard to residence. I think it's important. I'll try to tie it up later, okay? I'll try to answer. Why don't you go ahead and answer my question? I'll try to answer your question, Your Honor. The definition of residence here is not obviously the classic residence like we have a house with an address on a street. But it really means he needs to let law enforcement know the place where he is staying. Well, I know that's what you'd like him to do. But the question is, the statute talks about residence address. If you're sleeping on a college bench, do you have a residence address? Parks have addresses. Yes, they do in most cases. And that's your residence? You can take residence in a park? For that period of time, yes, it is. Why do you have that supporting that? There's not a case that says that. I would say that's a reasonable interpretation of the statute given the objectives of the statute. And I believe that there's sufficient circumstantial evidence to show that he must have slept. I'm familiar with people. This is McCloud case that talks about residence and talks about domicile and says that this is Justice Huffman, not a San Diego. Residence means someplace more than where you are in a transitory basis. It's an actual sex registration case. Well, I don't know right off the top of my head what the definition was that was given in McCloud. Well, I mean, if you're staying in a hotel, is that your residence? I mean, for example, where are you from? Sacramento. Oh, so you probably drove in, right? But let's say you stayed overnight so you'd be here in court. I mean, maybe you did at a hotel last night. Unless you stayed at a hotel so you could be here early in the morning. Is this your residence today? No, it isn't. Well, why is it a residence for Mr. Smith when he stays at a hotel or he sleeps on a park bench and the next night he sleeps in his car? Why does the State get to treat each of those as a new residence so they can put him in prison for the rest of his life? The reason is because why isn't this your residence, you know, the hotel you stayed at last night? Assuming you stayed at a hotel. Or if you say you stayed with your sister, I mean, you know, you slept somewhere last night. I stayed with my in-laws, yes. Okay, is that your residence? No. Why is that not your residence? I have a residence. I was here for a specific purpose. I'm here to come to court, then I'm leaving. This is the only place he had where he was staying. What the statute says is that you have, whenever you change residences, you have to notify them. That's right. But if you never have a residence in the first place, how can you change residences? I mean, we know he couldn't have a residence at his mother's because that was a prohibited place. He could have a domicile there. He could get his mail there. He could come and shower and do his laundry. But you know he couldn't live there because it was prohibited. There was a small child in the house, and he was prohibited from living there. Well, the change in this case may not have been from the mother's address, where he did stay very briefly but knew he couldn't stay because of the child. But then there's also a change. He never spent the night there. Okay. Then there's also a change from when he stayed at the Dodge City Inn, and then he went to the next place. But I guess my question is, why is when you stay at a hotel, is that not your residence, whereas when he stays at a hotel, that is his residence? And so when he leaves the hotel, for him that becomes a change of residence. Because that's where he lives. That's where he is. I have a place where I live all the time. I'm here on a matter of business, which hopefully we'll be over with pretty quickly here. But he doesn't have another place to live. That's where he lives. That's where he stays. But where is it written that you have to have a residence? Why can't somebody be, as you say, transient? I mean, it simply doesn't deal with the situation. You are saying, well, because I have a residence, I have enough money to have a house, then I get to not count these other places as residence. But why can't you say, look, the baseline is he doesn't have a residence. He doesn't have a residence. And when he stays in a hotel, that's not his residence either. When he spends a night on a park bench, that's not his residence either. He resides or stays or lives somewhere. And that's the objective, is to find out where he is and to be able to keep track of him. Well, you say that, but why is that the case? You know, let's say somebody is traveling across the country. Let's say they're moving from New York to San Francisco, right? And they've given up their house in New York, and they haven't yet bought a house. And, you know, they want to come out here, look around and, you know, get a house. So they don't have a house here. They don't have a house there. Is every hotel stop along the way then become their residence? If that's where they're staying during a period of time, yes, it is. During they don't have any other established residence. You think that answer is so inherently obvious that you can send somebody to prison for the rest of his life for not understanding that? I'm guessing that half the people in this courtroom would have answered that question no, just based on the facts. We have to also look at the facts in this case and all the circumstances and what we know he did know, because he was advised he purposely, it appears from this record, avoided establishing a new residence for the purpose of avoiding this requirement. He was told where he could go for housing when he first met with his parole officer. He was told to check in at at least two or possibly three places. He did register. He avoided that. This is not somebody who said, look, I'm not going to register. I'm just going to move around. He did give him a registration. Where he never stayed. Well, but that was his domicile. I mean, he did have ties to it. It's not like he registered a hotel where he never came back to, where he never stayed. How does that comply with the statute? Shouldn't we be guided by the fact that California has changed the law because, indeed, it was unreasonable? No, I don't think that the change in the law was because this was unreasonable or did not include that. I think what happened with the change in the statute. Well, unreasonable and held unconstitutional two occasions. I think what the reason was. You remember that part? What's that? You remember it was held unconstitutional twice? This statute? The successor statute. I mean, when they tried to clean up this mess, yeah. Well, I'm not sure about the cases regarding the successor statute. But my position is with regard to the legislation that came after this case was simply that it made explicit what was implicit in this statute, what a reasonable interpretation of this statute would be. And he knew, he even admitted on cross-examination that he wasn't going back to his parole officer to ask about the residency problem that he had. Because he knew he was in violation of his parole and he didn't want to go back there. And he was affirmatively avoiding going back. And so what happens with this interpretation of the statute is an individual, such as Mr. Smith in this case, can simply move from place to place and avoid the registration requirement altogether. And that's exactly what he did here. Well, he knew California did change its law. So whatever the situation was with him, California did change its law to deal with it and also to make it clear to somebody like him what he's supposed to do. It clarified the law. It did certainly clarify the law. It did. So this is not one of those situations where you say, well, you know, if you let him get away with this, things will happen with all those transient sex offenders. The California recognized it was a problem and they did change it. But it does clarify the law. That's true. Okay. Thank you. Thank you. I think you have a minute, Ms. Barkley, if you want to take it. I just wanted to correct perhaps one misimpression that I gave in my opening, and that was I believe, Judge Hatter, you might have had the impression that Mr. Smith actually went to the district attorney to inquire about his responsibilities. That's not what the record shows. What he did do was go to the sheriff's office and register. My point about going to the district attorney was to point out that there was a difference. If he had gone to the authorities, he would have gotten different advice. In fact, the advice he had gotten from the sheriff's department would have gotten him into trouble with the district attorney. Why didn't he go to the parole officer? Well, he didn't go to the parole officer. He admits that he didn't want to go to his parole officer. But really we have to continue to focus on the due process issue, which is notice. Did he have notice of his responsibilities if he didn't have a residence? Going to the parole officer. Could he have gotten that information? Who would have given him that information? There was just a gap in the statute at that time. The parole officer could have given him a different piece of advice, but that wouldn't have been in the statute either. The statute just. And he probably wouldn't have been charged if he had talked to his parole officer about it and they just couldn't come up with an answer. He wouldn't have been charged? Probably. He could have been charged. Because the district attorney's position was that he could have been charged for failing to register his park bench. Thank you very much. Thank you. Can I just argue with that for a minute?
judges: Kozinski, Fernandez, Hatter